UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAURA O'NEILL,

      Plaintiff,

      v.

ROBERT KHUZAMI,

      Defendant.

CIVIL ACTION NO.
1:20-CV-04632-JPB

## ORDER

This matter is before the Court on Robert Khuzami's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 25].  This Court finds as follows:

## BACKGROUND

From 2004 until she was fired in 2007, Maura O'Neill ("Plaintiff") was employed by Deutsche Bank.  [Doc. 22, p. 1].  Defendant was also employed by Deutsche Bank as its general counsel.  Id. at 2.  Plaintiff alleges that during her employment, she was sexually harassed by Christopher M. Wilder, a co-worker.  Id. at 3.  Plaintiff asserts that in 2017—ten years after her employment ended—Wilder drugged her, broke into her apartment and raped her.  Id. at 4.  Plaintiff contends that this occurred on multiple occasions.  Id.

On November 13, 2018, Plaintiff alleges that she went to the Equal

Employment Opportunity Commission ("EEOC") in Atlanta to report that

Deutsche Bank tortiously interfered with her employment opportunities in the state

of Georgia.  Id. at 7.  Plaintiff asserts that while she was at the EEOC, Defendant,

who was no longer employed as Deutsche Bank's general counsel and instead was

employed as the Deputy United States Attorney for the Southern District of New

York, called the EEOC and allegedly told the EEOC that Plaintiff "told lies" and

"was traumatized."  Id. at 15.  Plaintiff then concludes that Defendant, or some

other third party, must have illegally used her cellphone to track her location to the

EEOC and monitor her cell phone communications while at the EEOC.  Id. at 30.

Plaintiff filed this action against Defendant on November 12, 2020.  [Doc.

1].  Defendant moved for dismissal on March 3, 2021.  [Doc. 6].  That motion,

however, was denied as moot on April 8, 2021, because Plaintiff filed a First

Amended Complaint ("Amended Complaint").  [Doc. 23].  Plaintiff asserts the

following causes of action in her Amended Complaint:  (1) violation of the Federal

Wiretap Act; (2) intentional infliction of emotional distress for violation of the

federal stalking statute; (3) invasion of privacy under O.C.G.A. § 16-11-62; (4)

intentional infliction of emotional distress; (5) defamation; (6) denial of Fifth

Amendment constitutional rights; and (7) denial of First Amendment constitutional rights.  Id.

On April 19, 2021, Defendant filed the instant Motion to Dismiss Plaintiff's First Amended Complaint.  [Doc. 25].  The motion is ripe for review.

## LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff."  Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (citation omitted).  At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged."

Traylor, 491 F. App'x at 990 (quoting Iqbal, 556 U.S. at 678).

As an initial matter, it is important to recognize that Plaintiff is proceeding

*pro se*, and therefore this Court has an obligation to "liberally construe" her

pleadings.  Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020).

"This leniency, however, does not require or allow courts to rewrite an otherwise

deficient pleading in order to sustain an action."  Thomas v. Pentagon Fed. Credit

Union, 393 F. App'x 635, 637 (11th Cir. 2010).  Importantly, *pro se* litigants must

still comply with the Federal Rules of Civil Procedure.  Rodriguez v. Scott, 775 F.

App'x 599, 601 (11th Cir. 2019).

## ANALYSIS

In Defendant's Motion to Dismiss, Defendant argues that the claims should

be dismissed because they are based on allegations that are implausible on their

face.  Defendant additionally argues that dismissal is required under Federal Rule

of Civil Procedure 12(b)(6) for failure to state a claim.  Each cause of action is

discussed below.

1. Federal Wiretap Act

In Count 1, Plaintiff alleges a violation of the Federal Wiretap Act.  More

specifically, Plaintiff alleges that "there can be no question that [Plaintiff's] oral

communications with [the] EEOC were intercepted by a third party" because "no one was within earshot to hear the conversation between [Plaintiff] and the EEOC employee." [Doc. 22, pp. 27-28]. Plaintiff speculates that "the only way that conversation could have been intercepted is through the illegal use of [Plaintiff's] iPhone to conduct illegal surveillance." Id. at 28. Plaintiff then asserts that Defendant violated provisions (c) and (d) of 18 U.S.C. § 2511 because Defendant "intentionally disclosed and used the intercepted oral communication" to ensure that the "EEOC would not assist Plaintiff in her claims against [Deutsche Bank]." Id. at 30-31.

The Federal Wiretap Act prohibits both:  (1) the intentional interception of "any wire, oral, or electronic communication" and (2) the intentional disclosure or use of the contents of any such illegally intercepted communication if the persons who disclose or use it did so "knowing, or having reason to know," the communication was intercepted in violation of the Federal Wiretap Act.  18 U.S.C. § 2511(1)(c) and (d).  Looking at the plain language of the statute, to state a claim under § 2511(1)(c), a plaintiff must allege: (1) the act or acts of disclosing or endeavoring to disclose to another person the contents of a wire, oral or electronic communication; (2) the doing of such act or acts knowing or having reason to know that the information was obtained through an illegal interception of a wire,

oral or electronic communication; and (3) the doing of such act or acts

intentionally.  To state a claim under § 2511(1)(d), a plaintiff must allege:  (1) the

act or acts of using or endeavoring to use the contents of a wire, oral or electronic

communication; (2) the doing of such act or acts knowing or having reason to

know that the information was obtained through an illegal interception of a wire,

oral or electronic communication; and (3) the doing of such act or acts

intentionally.

Plaintiff does not state a claim under the statute.  In this case, Plaintiff has

merely stated in conclusory fashion that her communications with the EEOC

employee were illegally intercepted.  Although Plaintiff stated that criminals can

use stingrays to intercept communications, the Amended Complaint offers little in

terms of actual factual allegations or further factual enhancement to show how the

communications were illegally intercepted.  Moreover, Plaintiff's allegations

regarding Defendant's knowledge that the information was obtained through the

illegal interception of a wire is conclusory because Plaintiff simply alleges that

Defendant disclosed and used the communication "knowing that the information

was obtained through the interception of protected oral communication."  [Doc. 22,

pp. 30-31].  Stating the element of a cause of action without additional factual

support is not sufficient to state a claim.  Plaintiff provides no facts which would

show how Defendant "knew" the information was obtained illegally.[1]  Plaintiff

also does not identify who illegally intercepted her communications or the

circumstances of the interception.  Plaintiff's allegations are nothing more than

mere speculation that her communications were intercepted.  See Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise

a right to relief above the speculative level.").  As a result, to the extent Defendant

seeks dismissal of Count 1, Defendant's Motion to Dismiss is **GRANTED**.

2. Intentional Infliction of Emotional Distress for Violation of the Federal
   Stalking Statute

In Count 2, Plaintiff asserts a claim for intentional infliction of emotional

distress due to a violation of the federal stalking statute.  In this claim, Plaintiff

asserts that because she was stalked, she suffered emotional distress.  To state a

claim for intentional infliction of emotional distress, a plaintiff must plead four

elements:  "(1) intentional or reckless conduct; (2) that is extreme and outrageous;

(3) a causal connection between the wrongful conduct and the emotional distress;

and (4) severe emotional distress."  Renton v. Watson, 739 S.E.2d 19, 26 (Ga. Ct.

---

[1] To state a claim for use and disclosure liability as Plaintiff attempts to do here, a plaintiff must allege that the defendant:  (1) knew the information used or disclosed came from an intercepted communication; and (2) knew sufficient facts concerning the circumstances of the interception such that the defendant could determine that the interception was prohibited.  Thompson v. Dulaney, 970 F.2d 744, 749 (10th Cir. 1992).

App. 2013).  With respect to the severity of the emotional distress, the conduct at issue must inflict emotional distress "'so severe that no reasonable person could be expected to endure it.'"  Ellison v. Burger King Corp., 670 S.E.2d 469, 473 (Ga. Ct. App. 2008) (quoting Udoinyion v. Re/Max of Atlanta, 657 S.E.2d 644, 648 (Ga. Ct. App. 2008)).  Emotional distress includes "fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea." Howerton v. Harbin Clinic, LLC, 776 S.E.2d 288, 301 (Ga. Ct. App. 2015).  "To recover for such distress, however, it must be extreme."  Id.  Thus, a plaintiff must show, at the very least, "that physical and/or mental manifestations of that distress required her to seek medical or psychological treatment."  Id.

Plaintiff fails to state a claim for intentional infliction of emotional distress because her allegations as to the fourth element—the severity of her emotional distress—are wholly conclusory and void of factual enhancement.  For instance, Plaintiff alleges that she suffered "substantial emotional distress" and was in a "great deal of emotional distress."  [Doc. 22, pp. 32, 35].  She also alleges that "[i]t is obvious that anyone in [Plaintiff's] position would suffer extreme emotional distress as a result of what occurred at the EEOC in November of 2018."  Id. at 35. Beyond merely asserting that she suffered emotional distress, Plaintiff's Amended Complaint fails to provide any factual allegations about any physical, mental or

emotional symptoms that she suffered that were related to her distress.  Southland

Propane, Inc. v. McWhorter, 720 S.E.2d 270, 277 (Ga. Ct. App. 2011).  Moreover,

the Complaint does not provide any allegations that Plaintiff was required to take

medication or seek medical or psychological help.  Ultimately, this Court finds that

Plaintiff failed to plead sufficient facts to show that she suffered emotional distress

so severe that no reasonable person could be expected to endure it.  Accordingly,

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's intentional

infliction of emotional distress claim for violation of the federal stalking statute.

3.  Invasion of Privacy

In Count 3 of her Amended Complaint, Plaintiff brings a cause of action for

invasion of privacy under O.C.G.A. § 16-11-62.[2]  As best this Court can tell,

Plaintiff alleges that her privacy was invaded because she expected her meeting at

the EEOC to be private.  She alleges that the meeting was not private because of

---

[2] In her response in opposition, Plaintiff seems to attempt to amend her invasion of privacy claim to one brought under the common law instead of section 16-11-62(1).  A party is not permitted to amend her complaint through the filing of a response.  Even so, Plaintiff still has not stated a claim for "intrusion upon the seclusion or solitude of a plaintiff or into [her] private affairs."  Benedict v. State Farm Bank, SFB, 709 S.E.2d 314, 317 (Ga. Ct. App. 2011).  She has not made any allegations that Defendant was the one who conducted surveillance on her or otherwise monitored her activities.  In conclusory fashion, Plaintiff merely states that Defendant is liable as a co-trespasser.

illegal stalking, illegal setting up of messaging accounts and illegal use of information from her cellular phone.

Section 16-11-62(1) provides that it shall be unlawful for "[a]ny person in a clandestine manner intentionally to overhear, transmit, or record or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place."  Plaintiff has failed to state a claim under any provision of section 16-11-62.  As an initial matter, the allegations against Defendant are particularly weak as Plaintiff merely states that "[e]ven if [Defendant] did not know [Plaintiff's] name, only that she was a 'former [Deutsche Bank] employee[,]' he is still liable" because he is a co-trespasser.  [Doc. 22, p. 38].  Moreover, the plain language of the statute makes clear that it only applies to the transmission of private conversations of another which shall originate in any private place.  Here, Plaintiff makes no allegations that she was in a private place.  Accordingly, Defendant's Motion to Dismiss as to Plaintiff's invasion of privacy claim is **GRANTED**.

   4. <u>Intentional Infliction of Emotional Distress</u>

In Count 4, Plaintiff brings another claim for intentional infliction of emotional distress.  Although the allegations are disjointed and hard to follow, Plaintiff seems to contend that Defendant knew of Wilder's acts and did nothing to

stop them.  Plaintiff also alleges that Defendant shared false information with the

EEOC.  As a result of these acts, Plaintiff asserts that she continues to suffer severe

emotional distress and "humiliation, and the complete loss of her reputation, career

and her life."  [Doc. 22, pp. 42-43].

For the same reasons that Plaintiff's other intentional infliction of emotional

distress claim fails, this claim fails as well.  Plaintiff has not sufficiently pled

enough facts to show that she suffered severe emotional distress.  As a result,

Defendant's Motion to Dismiss is **GRANTED** as to Count 4.

5. Defamation

In Count 5, Plaintiff alleges that Defendant made false and defamatory

statements of fact to the EEOC by telling the EEOC that Plaintiff "told lies" and

"was traumatized."  Defendant contends that this claim is barred by the statute of

limitations.

In deciding whether this claim is barred by the statute of limitations, the

Court must first determine which law applies.  In Plaintiff's view, New York law

governs because Defendant made the phone call from New York.  Defendant, on

the other hand, argues that Georgia law applies because the phone call was made to

an individual in Georgia.  In Triguero v. ABN AMRO Bank N.V., the Georgia

Court of Appeals held that "in defamation cases, the law of the jurisdiction where

the publication occurs determines the rights and liabilities of the parties."  614

S.E.2d 209, 212 (Ga. Ct. App. 2005).  Importantly, the court identified the place of

publication as the location where the tortious statement was received.  Id.  In

another case, Donald J. Trump for President, Inc. v. CNN Broadcasting, Inc., the

court identified the general rule that tort actions are governed by the substantive

law of the state where the injury is sustained.  500 F. Supp. 3d 1349, 1353 (N.D.

Ga. 2020).  The court then determined that Georgia law applied to a defamation

claim because "[t]he place of the wrong is not where the allegedly defamatory

statement was issued but rather where [the plaintiff] was injured."  Id. at 1354.

This Court finds that regardless of where Defendant was located when he allegedly

made the statement, Georgia law applies because the statement was made to an

individual located in Georgia.

In Georgia, injuries to the reputation "shall be brought within one year after

the right of action accrues."  O.C.G.A. § 9-3-33.  In this case, Plaintiff alleges that

Defendant made the defamatory statement on November 13, 2018.  She did not file

this action, however, until November 12, 2020, nearly a full year after the statute

of limitations expired.  Because Plaintiff's defamation claim is time barred,

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's defamation claim.

6.  <u>Claims Brought Pursuant to Bivens (Denial of Fifth Amendment Constitutional Rights and Denial of First Amendment Constitutional Rights)</u>

In Count 6, Plaintiff alleges that her Fifth Amendment rights were violated when Defendant disseminated derogatory and defamatory information to the EEOC without affording Plaintiff the opportunity to refute the allegations.  In Count 7, Plaintiff alleges that her First Amendment rights were violated when Defendant interfered into Plaintiff's affairs.  Both claims are brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

In <u>Bivens</u>, the Supreme Court of the United States created an implied cause of action to compensate persons injured by federal officers who violate the Fourth Amendment's prohibition against unreasonable searches and seizures.  <u>Id.</u> at 389. Since <u>Bivens</u> was decided over fifty years ago, it has only been applied in three specific contexts:  (1) a Fourth Amendment case involving a search and seizure, (2) a Fifth Amendment gender discrimination case, and (3) an Eighth Amendment case involving cruel and unusual punishment.  <u>Johnson v. Burden</u>, 781 F. App'x 833, 836 (11th Cir. 2019).  Significantly, "[o]nly in these three contexts [has the] Supreme Court approve[d] an implied damages remedy under the Constitution itself."  <u>Id.</u>  Moreover, for more than thirty years, the Supreme Court has consistently refused to extend <u>Bivens</u> to any new contexts because expanding the

13

remedy is a "disfavored" judicial activity.  Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017).

In his Motion to Dismiss, Defendant argues that neither of Plaintiff's claims are actionable under Bivens.  To determine whether a Bivins remedy exists, a court must first answer whether the case before it presents a new Bivens context.  Id. at 1859.  If it does, a Bivens remedy "will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'"  Id. (quoting Carlson v. Green, 446 U.S. 14, 18 (1980)).  The Supreme Court "has not defined the 'special factors,' but has stated that 'the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'"  Johnson, 781 F. App'x at 836 (quoting Ziglar, 137 S. Ct. at 1857-58).  Importantly, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action."  Ziglar, 137 S. Ct. at 1865.

In this case, Plaintiff's claims under both the Fifth Amendment and the First Amendment seek to extend Bivens to a new context—namely to a plaintiff who complains of defamation and interference with her right to complain to the EEOC.  Thus, the Court must move on to the special factors analysis.  As stated above, the existence of alternative remedies usually precludes a court from authorizing a

14

Bivens action.  As to Plaintiff's claim that her Fifth Amendment rights were

violated when Defendant defamed her, an alternative remedy exists—a defamation

suit brought under state law.  Because Plaintiff had an alternative remedy available

to her, this Court finds that the special factors weigh against extending Bivens to

this new context.  To the extent Defendant seeks dismissal of Plaintiff's claim

brought pursuant to the Fifth Amendment, his motion is **GRANTED**.

As to Plaintiff's claim that Defendant violated her First Amendment rights,

it is important to note that the Supreme Court has never recognized a First

Amendment Bivens claim.  Reichle v. Howards, 566 U.S. 658, 664 n.4 (2012)

("We have never held that Bivens extends to First Amendment claims.").  Even if

Bivens applied in this situation, Plaintiff has failed to allege a violation of the First

Amendment.  Plaintiff's allegations as to this cause of action are conclusory and

difficult to discern.  In fact, it is impossible to determine what First Amendment

claim Plaintiff is asserting.  First, Plaintiff mentions that her equal protection rights

were violated when Defendant treated her differently from others who were not

sexually harassed and raped.  Second, Plaintiff contends that her rights were

violated when Defendant interfered with her affairs based on her protected activity.

Lastly, Plaintiff asserts that she was deprived of her privileges and immunities.

These conclusory allegations are not sufficient to state a claim, and therefore

Defendant's Motion to Dismiss as to Count 7 is **GRANTED**.

**OPPORTUNITY TO AMEND**

Generally, courts are required to afford *pro se* plaintiffs an opportunity to

amend before dismissing a case with prejudice "unless the plaintiff expresses a

desire not to amend or an amendment would be futile."  Watkins v. Hudson, 560 F.

App'x 908, 911 (11th Cir. 2014).  In this case, Plaintiff has expressed her desire to

amend.  Despite Plaintiff's litigation history involving other defendants,[3] the

Court, in an abundance of caution, will nevertheless grant Plaintiff leave to amend

some of her counts.[4]

At a minimum, Plaintiff's amended pleading must include:

1) A description of the parties, including the factual basis for subject
   matter jurisdiction, personal jurisdiction and venue in this Court.
   As it stands now, Plaintiff has not alleged facts which would show
   that this Court has diversity jurisdiction.

2) A background section stating the facts relevant to all claims.  The
   facts shall be presented in individually numbered paragraphs.  The
   facts section should not contain facts that are not relevant to the
   claims.  Currently, Plaintiff's Amended Complaint includes

---

[3] Plaintiff has filed at least seven separate actions that arise from the same series of events
that are alleged in this action.  In one action, Judge Rudolph E. Greco dismissed
Plaintiff's claims and stated that "if this is not a complete abuse of the judicial process[,]
this Court does not know what is."  [Doc. 25-2, p. 9].
[4] Plaintiff is not permitted to amend Counts 5 or 7 because amendment of those claims
would be futile.

16

numerous allegations that are unrelated to Defendant allegedly calling the EEOC.

3) A separate section for each cause of action that sets forth in individually numbered paragraphs the legal elements of the cause of action and the relevant facts showing an entitlement to relief for such cause of action.  In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action.  In its current form, most of the causes of actions do not state the elements of the offense or factual allegations that correspond to those elements.  Plaintiff is notified that her Complaint, in its current form, has an abundance of conclusory allegations.

4) The amended pleading must not include Counts 5 or 7 because, as previously noted, amendment of those counts would be futile.

Plaintiff is notified that the amended complaint will supersede all previous pleadings.  The Court will not read the pleadings in tandem.  In short, Plaintiff must ensure that her amendment complies with Federal Rules of Civil Procedure 8 and 10 and the directives of this order.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 25] is **GRANTED**.  Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.  The Court will afford Plaintiff the opportunity to amend her Amended Complaint to adequately plead a specific claim(s) within fourteen days of the date of this Order.  Plaintiff is notified that the

failure to submit an amended complaint within the fourteen-day time period will result in dismissal of the entire action with prejudice.

　　　**SO ORDERED** this 9th day of March, 2022.

_____
J. P. BOULEE
United States District Judge